IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN FRANCIS, #02253451, | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:24-CV-3143-L-BK |
| | § | |
| JOHN DOE, | § | |
| DEFENDANT. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this *pro se* case was referred to the United States magistrate judge for case management, including the entry of findings and a recommended disposition. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITHOUT PREJUDICE AS FRIVOLOUS**.

**I. BACKGROUND**

On December 11, 2024, Plaintiff John Francis, a Texas state prisoner, filed a *pro se* pleading in letter format that is largely nonsensical and difficult to decipher. Doc. 3. Francis seemingly intends to challenge his conditions of confinement at the Powledge Unit in Palestine, Anderson County, Texas where he is now confined. Doc. 3 at 1. In lieu of a clear statement of his claims and factual bases, however, Francis filed a list of events that occurred in November 2024, along with copies of four passes to the infirmary and a grievance that mentions that he suffers from cancer. Doc. 3 at 1-4; Doc. 3 at 5-10. Francis states in the cover letter filed with the list that he "would like to file a complaint on the evidence[.]" Doc. 3 at 11. His allegations are vague and largely incoherent. Specifically, Francis lists chronologically the food items that

he received at "chow" and during "pm snack" and the individuals that he encountered throughout the day.  Doc. 3 at 1-4.

Since February 2024, Francis has filed over 20 actions in federal district courts utilizing the same format—a chronology of events and a letter seeking to file a complaint.  In neither case has Francis moved to proceed *in forma pauperis*, paid the filing fee, or filed a complaint that complies with the minimum pleading requirements of FED. R. CIV. P. 8(a).  At least 15 actions have been dismissed for lack of prosecution, dismissed because of improper venue, or transferred to the Eastern District of Texas.  And here, despite his numerous assertions, Francis again fails to present a cognizable federal claim, and his factual contentions are both delusional and deficient.  Thus, this action should be dismissed as frivolous.

**II. ANALYSIS**.

**A.  VENUE IS NOT PROPERLY LAID IN THIS DISTRICT**

As an initial matter, it is clear from Francis' pleadings that venue does not properly lie in the Northern District of Texas under 28 U.S.C. § 1391(b).  Neither the precise nature of Francis' claims, nor how they are connected to the Northern District of Texas, is clear.   Francis also does not name or even describe any defendant.  And as stated previously, his claims all appear to be based on events that occurred in Anderson County, where he is confined, which is within the geographical boundaries of the United States District Court for the Eastern District of Texas.  Although Francis was convicted in Ellis County in the Northern District of Texas,[1] nothing about which he complains occurred in this district.  Doc. 3.

---

[1] Francis' *Inmate Information Details* are available in the online records of the Texas Department of Criminal Justice—of which the Court takes judicial notice—access accessible at https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=17486830 (last accessed on Jan. 29, 2025).

That notwithstanding, because of the patent frivolity of Francis's claims (see discussion *infra*), transfer of this case to the district where venue lies would not be in the interest of justice. 28 U.S.C. § 1406(a). Under these circumstances, dismissal of the claims as frivolous at this screening stage is more appropriate. *See e.g.*, *Salaverria v. California*, No. 3:24-CV-0011-L-BT, 2024 WL 3296440, at *1 n.2 (N.D. Tex. June 17, 2024), *rec. adopted*, 2024 WL 3297522 (N.D. Tex. July 3, 2024) (dismissing frequent filer's *pro se* case as frivolous under § 1915(e)(2)(B) although venue was not correct); *Jones v. Bowers*, No. 3:22-CV-2559-L-BN, 2022 WL 18396016, at *2 (N.D. Tex. Nov. 30, 2022), *rec. accepted*, 2023 WL 322493 (N.D. Tex. Jan. 19, 2023) (dismissing prisoner's *pro se* case as barred by three strikes although venue was not proper and noting that a transfer "would not be in the interest of justice" under 28 U.S.C. §§ 1404(a), 1406(a)).

In any event, that venue in this district is not proper is of no moment as it pertains to this Court's ability to consider the merits of this case as a more efficient disposition. Like personal jurisdiction, venue is designed "to protect the *defendant* against the risk that a plaintiff will select an unfair or inconvenient place of trial." *Leroy v. Great W. United Corp.*, 443 U.S. 173, 183-84 (1979) (emphasis in original); *see also In re Volkswagen of Am., Inc.*, 545 F.3d 304, 313 (5th Cir. 2008) (en banc). Therefore, a "plaintiff, by bringing the suit in a district other than that authorized by [28 U.S.C. § 1391], relinquishe[s] his right to object to the venue." *Olberding v. Ill. Cent. Ry. Co.*, 346 U.S. 338, 340 (1953). Thus, transfer to a more appropriate venue is not required here.

### B. PLAINTIFF'S PLEADINGS ARE FRIVOLOUS

Because Francis did not pay the filing fee, the Court presumes that he seeks leave to proceed in forma pauperis. His complaint is thus subject to screening under 28 U.S.C. §

1915(e)(2)(B) and 28 U.S.C. § 1915A(b). Those statutes provide among others for the *sua sponte* dismissal of a complaint if the Court finds that it is frivolous or malicious. A complaint is frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33.

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Francis has failed to state a viable legal claim or anything that can be construed as such. As illustrated in detail *supra*, his factual contentions appear illogical, delusional, and clearly baseless and thus inadequate to support a cognizable claim. *See Denton*, 504 U.S. at 33. Thus, dismissal of Francis' claims without prejudice as frivolous is warranted.

### C. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint before dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). As discussed here Francis has failed to state or suggest a cognizable claim or any facts from which a cognizable claim can be inferred. Based on the most deferential review of his complaint, it is highly unlikely that, given the opportunity, Francis could allege cogent and viable legal claims. Thus, the Court concludes that granting leave to

amend under these circumstances would be futile and cause needless delay. Nevertheless, the 14-day period to object to this recommendation will afford Francis an opportunity to respond.

### D. SANCTION WARNING

As noted, Francis has filed over 20 actions in letter format since February 2024. At least 15 actions have been dismissed for lack of prosecution, dismissed because of improper venue, or transferred to the Eastern District of Texas. Of the seven cases transferred to the Eastern District of Texas, four have been dismissed for failure to take the steps necessary to prosecute the case.

Considering the forgoing, Francis should be warned that if he persists in filing frivolous or baseless lawsuits, the Court may impose monetary sanctions, bar him from bringing any new action, or subject him to other sanctions the Court deems appropriate. *See* FED. R. CIV. P. 11(b)(2)&(c)(1) (providing for sanctions against *pro se* litigants or attorneys). Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993); *see also Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802-03 (5th Cir. 2003) (a violation of any provision of Rule 11(b) justifies sanctions). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Moreover, litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees -- indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

### III. CONCLUSION

For all these reasons, Francis' complaint should be **DISMISSED WITHOUT PREJUDICE** as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). Francis

should also be **WARNED** that if he persists in filing frivolous or baseless lawsuits, he may be barred from bringing any new action or he may be subject to any other sanctions the Court deems appropriate.

**SO RECOMMENDED** on January 30, 2025.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).